IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Larry A. White, | ) | Case No. 9:24-cv-03821-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Leon Morrell, *Lieutenant*; Ervin Brazil, *Sergeant*; Casey Maloney, *Officer*; Jacqueline Anderson, *Sergeant*; Jeremiah Mckissack, *Lieutenant*; Conor Fredericks, *Officer*; SCDC, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on a motion for summary judgment filed by Defendants and a motion by Plaintiff for a temporary restraining order and preliminary injunction.[1]  [Docs. 88; 111.]  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Molly H. Cherry for pre-trial proceedings.

The Clerk docketed Plaintiff's Verified Complaint on July 2, 2024, and his Verified Amended Complaint on October 29, 2024.  [Docs. 1; 29.]  On March 6, 2025, Defendants filed their summary judgment motion.  [Doc. 88.]  After the summary judgment motion was fully briefed [Docs. 91; 92; 93], on November 14, 2025, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the motion be granted in part

---

[1] Also pending are motions by Plaintiff for appointment of counsel in the event that there is a trial in this case and for a pretrial conference.  [Docs. 94; 120.]  The Court will handle these motions by separate order.

and denied in part [Doc. 108]. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id.* at 37.]

On November 26 and December 9, 2025, Defendant Morrell filed objections to the Report and Plaintiff filed a reply. [Docs. 112; 121.] On December 1 and 12, 2025, Defendants Fredericks and Maloney filed objections to the Report and Plaintiff filed a reply. [Docs. 116; 124.] On December 1, 2025, the Clerk also docketed Plaintiff's objections to the Report. [Doc. 118.]

On November 17, December 1, and December 12, 2025, the Clerk docketed Plaintiff's motion for a temporary restraining order and preliminary injunction; Defendants Anderson, Brazil, Fredericks, Maloney, and SCDC filed a response opposing the motion; and the Clerk docketed a reply from Plaintiff. [Docs. 111; 117; 123.]

Both Defendants' summary judgment motion and Plaintiff's motion for a temporary restraining order and preliminary injunction are now ripe for review.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v.*

2

*Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

## **BACKGROUND**

**Plaintiff's Allegations**

The Report recites the facts and evidence construed in the light most favorable to Plaintiff:

> Plaintiff is an inmate in the custody of the South Carolina Department of Corrections ("SCDC"). Plaintiff filed his Complaint on July 2, 2024. In his Verified Amended Complaint, Plaintiff avers that on April 11, 2024, while housed in the Restrictive Housing Unit ("RHU") at Lee Correctional Institution ("LCI"), Defendants Morrell, Mckissack, Brazil, Maloney, Fredericks, and Anderson (collectively, the "Individual Defendants") were conducting targeted cell searches within the RHU and, "without knocking" or asking Plaintiff to come to the door to be restrained, unlocked the door to his cell and ran in. Defendants Brazil and Maloney grabbed Plaintiff, "picked him up and slammed him to the floor," causing his left leg to land awkwardly and twisting his left ankle. Defendant Brazil landed on top of him.
>
> Defendants Morrell, Brazil, Maloney, and Fredericks then "punched Plaintiff in the mouth, head, and body for approximately five to ten minutes" while defendants Anderson and Mckissack watched but did not tell the other officers to stop.
>
> Plaintiff was then turned over onto his stomach and asked where the drugs were located. Plaintiff's boxers were pulled down, and Defendant Brazil conducted a "body cavity search" in front of Defendant Anderson, a female officer. This search caused Plaintiff to yell, "Get your fingers out [of] my a\*\*!" Plaintiff was thereafter placed in an ankle lock by Defendant Maloney, and Defendant Fredericks placed Plaintiff in an "arm bar as if he were trying to break it, saying, 'we good,' 'we good?' until Plaintiff stopped yelling." Plaintiff's

3

> boxers were then pulled up, and he was handcuffed and escorted out of his cell while Defendants Brazil, Maloney, Mckissack, and Fredericks searched the cell.
>
> "Defendants did not take [Plaintiff] to medical" despite noticing that he was limping. Plaintiff called his wife to report the incident, and Plaintiff was taken to medical approximately two hours later. As a result of this incident, Plaintiff sustained "headaches, back pain, shoulder pain, swelling to the head, a busted lip, mental anguish, and ankle pain."

[Doc. 108 at 2–3 (alterations in original) (internal citations omitted).]

**The Report**

The Magistrate Judge construed Plaintiff's pro se Verified Amended Complaint as alleging § 1983 claims against all Defendants for violation of his Fourth Amendment right not to be subjected to unreasonable searches; against Morrell, Brazil, Maloney, and Fredericks for violation of his Eighth Amendment right not to be subjected to excessive force; against Brazil for violation of his Eighth Amendment right based on sexual contact; against Anderson and Mckissack for bystander liability under the Eighth Amendment; and against SCDC for inadequate medical treatment; and alleging state law intentional infliction of emotional distress against Morrell, Brazil, Maloney, and Fredericks and state law sexual assault against Brazil. [*See generally* Doc. 108.]

The Report recommends (a) granting Defendants' summary judgment motion as to (1) Plaintiff's claims against Defendant Anderson; (2) Plaintiff's claims against Defendant SCDC; and (3) Plaintiff's Fourth Amendment claim against all Defendants other than Defendant Brazil, and (b) otherwise denying the summary judgment motion. [*Id.*]

## **DISCUSSION**

**Defendants' Motion for Summary Judgment**

### *Defendants' Objections*

In their respective objections, neither Morrell nor Fredericks and Maloney (collectively, "Objecting Defendants") challenge any of the analysis in the Report. Nonetheless, they bring to the Court's attention Plaintiff's verified pleadings in other cases brought in state court that have some overlapping allegations with those alleged in the Verified Amended Complaint in the present case. [Docs. 112; 116.] Objecting Defendants argue that the verified pleadings in these state-court actions contradict Plaintiff's Verified Amended Complaint in the present case concerning the events of April 11, 2024, to such a degree as to preclude the existence of genuine disputes of material fact in the present case. [Docs. 112; 116.]

Initially, the Court notes that the arguments that Objecting Defendants now raise regarding the state-court pleadings were not part of Defendants' summary judgment motion but rather are raised for the first time at the objections stage. [*See generally* Docs. 88; 92.] Whether to consider evidence not presented to the magistrate judge is a question committed to the district court's discretion. *See Doe v. Chao*, 306 F.3d 170, 183 & n.9 (4th Cir. 2002), *aff'd*, 540 U.S. 614 (2004). "Attempts to introduce new evidence after the magistrate judge has acted are disfavored, though the district court may allow it when a

5

party offers sufficient reasons for so doing." *Bennett v. Stirling*, 170 F. Supp. 3d 851, 858 (D.S.C. 2016) (cleaned up), *aff'd*, 842 F.3d 319 (4th Cir. 2016).

### Case No. 2024-CP-23-02994

Defendants' summary judgment motion in the present case was filed March 6, 2025. [Doc. 88.] In their objections, Fredericks and Maloney argue Plaintiff's verified complaint in case 2024-CP-23-02994 ("Case 2994"), which was filed in the Greenville County Court of Common Pleas on May 14, 2024, is in conflict with Plaintiff's Verified Amended Complaint in this case.[2] [Doc. 116 at 1–2; *see* Doc. 116-1.] Fredericks and Maloney offer no excuse for failing to raise this issue in their summary judgment motion. Accordingly, the Court declines to consider it. *See Bennett*, 170 F. Supp. 3d at 858; *see also Martin v. Colvin*, No. 1:14-CV-234, 2015 WL 9094738, at *8 n.4 (W.D.N.C. Dec. 16, 2015) (holding that issues not raised in initial summary judgment motion and raised for the first time in a supplemental filing were waived).

### Case No. 2025-CP-23-04301

Objecting Defendants argue that they are entitled to summary judgment to the extent that Plaintiff's verified complaint and verified amended complaint in case 2025-CP-23-04301 ("Case 4301"), filed in the Greenville County Court of Common Pleas on July 15 and October 3, 2025, contradict Plaintiff's Verified Amended Complaint in the present case. [Doc. 112 (citing *Barwick v. Celotex Corp.*, 736 F.2d 946, 960 (4th Cir. 1984), for

---

[2] In particular, Fredericks and Maloney contend that the Verified Amended Complaint in this case alleges that "'Maloney put Plaintiff in an ankle lock while Fredericks put Plaintiff in an arm bar,'" but in Case 2994, the verified complaint alleges that "Fredericks put Plaintiff in an ankle lock, while Defendant Maloney grabbed Plaintiff's left arm." [Doc. 116 at 1–2 (emphasis omitted) (citing Docs. 29 at 3 ¶ 12; 116-1 ¶ 15).] In his response to the objections of Fredericks and Maloney, Plaintiff explains that he learned during discovery in Case 2994 exactly which Defendant was responsible for which action. [Doc. 124.]

6

the proposition that "[a] general issue of material fact is not created where the only issue of fact is to determine which of the two conflicting versions of the plaintiff's testimony is correct"); *see* Docs. 112-1; 112-2; 116 at 3.]

Objecting Defendants describe what they contend is the contradiction:

> In Paragraph 11 [of the Verified Amended Complaint in the present action,] Plaintiff alleges, in part, that while he was on the floor, he was assaulted by Defendant Morrell and others. He claims [Defendants] punched him in the mouth, head and body for approximately five to ten minutes. He claims that Defendant Brazil subsequently performed a body cavity search.

[Doc. 112 at 2–3 (internal citations omitted); *see* Doc. 116 at 3.] In contrast, in the original verified complaint in Case 4301,

> [Plaintiff] made allegations pertaining to Defendant Morrell and others entering his cell on April 11, 2024 during a targeted cell search. He references the same alleged body cavity search allegedly performed by Brazil in the allegations, but makes no allegations whatsoever that Leon Morrell or anyone else for that matter punched him. He claims that several of the [d]efendants in that action held him down, without specifying who was involved. Later in that pleading, [Plaintiff] alleges that Leon Morrell and others allegedly invaded his privacy by watching the alleged body cavity search. Again, this paragraph and the following paragraphs make no mention of any punching. In fact, paragraph 33 does not mention any specific physical contact by Leon Morrell.
>
> The [a]mended [c]omplaint filed by [Plaintiff] in [Case 4301] makes similar allegations regarding events he claims transpired on April 11, 2024. In the [a]mended [c]omplaint, [Plaintiff] makes different allegations against Leon Morrell and others, specifically only claiming Invasion of Privacy against them for allegedly watching an alleged unauthorized body

7

> cavity search.  He makes claims of alleged assault against others.

[*Id.* at 4–5 (internal citations omitted).]

As noted, Plaintiff's verified complaint in Case 4301 was filed on July 15, 2025; Morrell represents the amended verified complaint was filed on October 3, 2025; and the Magistrate Judge issued her Report on November 14, 2025.  [Docs. 108; 112 at 2; 112-1; 112-2.]  The Court assumes, for purposes of this motion, that even though the pleadings at issue in Case 4301 were filed before the Report was issued, that Objecting Defendants had good cause not to raise them to the Magistrate Judge because briefing on their summary judgment motion was completed in April 2025, before the pleadings at issue were filed.

Nonetheless, the Court does not read these pleadings as presenting a contradiction sufficient to entitle Defendants to summary judgment. As regards the incident on April 11, 2024, the claim asserted in both the verified complaint and the verified amended complaint in Case 4301 concerned the defendants' invasion of Plaintiff's privacy.  [Docs. 112-1 at 16 ¶¶ 33–41; 112-2 at 24–25 ¶¶ 51–64.]  There is no indication that Plaintiff seeks in Case 4301 to litigate the amount of force used to get him to submit to the search.  Indeed, in Plaintiff's response to Morrell's objections, Plaintiff confirmed that the omission of the assault allegations from Case 4301 was intentional, explaining that "those claims [we]re already being litigated" in this Court.[3]  [Doc. 121.] Especially given this explanation, the Court concludes that Plaintiff's verified complaint

---

[3] Plaintiff added that he believes that because the claim was already being litigated in this Court, raising the same claim in the state court action "would be barred by the doctrine of Res Judicata."  [Doc. 121.]

8

and verified amended complaint in Case 4301 do not sufficiently conflict with Plaintiff's Verified Amended Complaint in the present case so as to preclude the existence of a genuine dispute of material fact. Rather, given the specific facts of this case, Plaintiff's credibility remains "a question for the jury rather than an issue to be settled at the summary judgment stage."[4] *Shaw v. Stroud*, 13 F.3d 791, 804 (4th Cir. 1994).

### Plaintiff's Objections

Plaintiff objects only to the Magistrate Judge's statement in the Report that Plaintiff did not exhaust his claims with respect to Anderson's presence during the search and, thus, she did not consider evidence that it was performed in front of a female when considering the reasonableness of the search. [Doc. 118; *see* Doc. 108 at 19 n.14.] Plaintiff argues that even if the bystander liability claim against Anderson is not exhausted, he asserted in his step 2 grievance that the search was done in front of a

---

[4] In *Barwick*, which Morrell cites, a party, following years of litigation, submitted an affidavit solely for the purpose of contradicting prior deposition testimony in order to create a genuine issue of material fact. *Barwick*, 736 F.2d at 960; *see Shaw*, 13 F.3d at 804. Those facts bear little resemblance to those before the Court now.

Morrell also cites *Hamilton v. Dayco Products., LLC*, No. 2:07-2782-PMD-RSC, 2009 WL 335062, at *2–15 (D.S.C. Feb. 10, 2009), and *Allen v. Michelin North America, Inc.*, No. 6:18-cv-791-TMC-KFM, 2020 WL 7647539, at *13–16 (D.S.C. Oct. 22, 2020), *Report and Recommendation adopted as modified by* 2020 WL 7332907 (D.S.C. Dec. 14, 2020)), as supporting his argument that Plaintiff's pleadings in Case 4301 sufficiently conflict with the Verified Amended Complaint in the present case so as to preclude summary judgment. The Court does not agree that these decisions support that result. In both of the cases, the court applied the doctrine of judicial estoppel. *Hamilton*, 2009 WL 335062, at *13–15; *Allen*, 2020 WL 7647539, at *13–15. As both of these cases explain, "[j]udicial estoppel is an equitable concept providing that a party *who prevails on one ground* in a lawsuit may not in another lawsuit repudiate that ground." *Hamilton*, 2009 WL 335062, at *13 (cleaned up) (emphasis added); *Allen*, 2020 WL 7647539, at *13 (cleaned up) (emphasis added). However, the Court has already explained that there is no such evidence of any repudiation here. And, in any event, as Morrell acknowledges, Plaintiff has not prevailed in Case 4301.

woman and that should be sufficient to exhaust that aspect of the claim challenging the reasonableness of the actual search. [Doc. 118.]

The Magistrate Judge recommends that Defendants' summary judgment motion be denied as to the claim in question against Brazil for reasons that Defendants do not challenge and that the Court adopts. Accordingly, the Court concludes that the issue of whether the Court may consider whether the search was performed in front of a woman is immaterial to the resolution of the summary judgment motion. The Court therefore does not adopt footnote 14 of the Report, and merely assumes, for purposes of this motion only, that the Court may not consider whether the search was performed in front of a woman in determining the reasonableness of the search.

**Conclusions Regarding Defendants' Motion for Summary Judgment**

As noted, the Court overrules Defendants' objections and concludes that Plaintiff's objection is immaterial to the Report's conclusion regarding the Fourth Amendment claim. Additionally, out of an abundance of caution for the pro se Plaintiff, the Court has conducted a de novo review of the Report, the record, and the applicable law. Upon such review, the Court accepts the Report and incorporates it by reference except footnote 14. As to the remaining claims, the Court has reviewed for clear error, accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Defendants' summary judgment motion is therefore granted as to (1) Plaintiff's claims against Defendant Anderson; (2) Plaintiff's claims against Defendant SCDC; and

(3) Plaintiff's Fourth Amendment claim against all Defendants other than Defendant Brazil.  The motion is otherwise denied.

**Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction**

"The substantive standard for granting either a temporary restraining order or a preliminary injunction is the same."  *Collins v. Durant*, No. 2:23-05273-RMG, 2024 WL 4143347, at *1 (D.S.C. Sept. 11, 2024) (internal quotation marks omitted).  The current standard for granting preliminary injunctive relief is set forth in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008).  Under *Winter*, to obtain a preliminary injunction, the moving party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." 555 U.S. at 20; *see also League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 236 (4th Cir. 2014).  The party seeking a preliminary injunction bears the burden of establishing each of the four requirements.  *The Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342, 346 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089 (2010), *reinstated in relevant part*, 607 F.3d 355 (4th Cir. 2010) (per curiam).

In his motion, Plaintiff asks this Court for injunctive relief "against Plaintiff and SCDC and all persons acting in concert with SCDC from housing Plaintiff in SCDC institutions, using force on him, harassing him, retaliating against him for filing lawsuits, and teaching others how to file lawsuits" and also that the Court require that he "be transferred to the Marion County Prison farm, also known as the chain gang[,] to serve the remainder of his sentence." [Doc. 111 at 1.]  In support of his motion, he asserts that, in addition to the sexual assault on April 11, 2024, which is the basis for most of his claims

11

in this case, he has been subjected to excessive force on two other occasions. [*Id.*] He claims that "SCDC officials are continually telling Plaintiff that if he does not stop filing lawsuits and drop his pending lawsuits then he is going to end up dead." [*Id.* at 2.]

In their response opposing the motion, Brazil, Maloney, Anderson, Fredericks, and SCDC argue that "absent the most extraordinary circumstances, federal courts are not to immerse themselves in the management of state prisons or substitute their judgment for that of the trained penological authorities charged with the administration of such facilities." [Doc. 117 at 2 (citing *Taylor v. Freeman*, 34 F.3d 266, 268 (4th Cir. 1994); *Sandin v. Conner*, 515 U.S. 472, 482 (1985)).] They also note that "there is no constitutional right for a state prisoner or federal prisoner to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution." [*Id.* (citing *McKune v. Lile*, 536 U.S. 24, 26 (2002); *Meachum v. Fano*, 427 U.S. 215, 225 (1976)) (internal quotation marks omitted).] They point out the severity of Plaintiff's crimes, the length of his sentence, the fact that he has already once attempted escape while in SCDC custody, and his extensive disciplinary history, all of which make a transfer to Marion County Prison Farm inappropriate. [*Id.* at 3–4.] And they note that Plaintiff no longer resides at LCI, where the alleged assault that is the subject of the present action occurred. [*Id.* at 4.]

The Court concludes that Plaintiff has not demonstrated entitlement to injunctive relief. Most basically, "a motion for a preliminary injunction must be related to the underlying complaint; it is not an appropriate vehicle for asserting new claims." *Rice v. Dotson*, No. 7:25-cv-00234, 2025 WL 2969101, at *2 (W.D. Va. Oct. 20, 2025); *see Omega World Travel, Inc. v. TWA*, 111 F.3d 14, 16 (4th Cir. 1997) (stating that "a

12

preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action"). Rather, a plaintiff seeking preliminary injunctive relief must demonstrate "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Omega*, 111 F.3d at 16 (internal quotation marks omitted). Here, Plaintiff no longer resides at LCI, where the alleged events underlying this case occurred, and thus he is no longer exposed to the men who allegedly committed the assault that is the subject of his Verified Amended Complaint. [*See* Doc. 111 at 2 (Plaintiff's motion for a temporary restraining order and preliminary injunction, listing address as Perry Correctional Institution). That Plaintiff fears harm because of "entirely new allegations of misconduct by correctional officers who are not parties to this action" cannot serve as the basis for injunctive relief. *Majid v. May*, No. 0:24-1944-MGL-PJG, 2025 WL 2231287, at *3 (D.S.C. July 18, 2025), *Report and Recommendation adopted by* 2025 WL 2224337 (D.S.C. Aug. 5, 2025), *appeal filed*, No. 25-6727 (4th Cir. Aug. 29, 2025).

Moreover, in considering a request for prospective mandatory injunctive relief in the prison context, as the Court must do in the present action, the Fourth Circuit has explained as follows:

> It is well established that absent the most extraordinary circumstances, federal courts are not to immerse themselves in the management of state prisons or substitute their judgment for that of the trained penological authorities charged with the administration of such facilities. . . . Even where there has been a finding on the merits that unconstitutional conditions exist, federal courts should proceed cautiously and incrementally in ordering remediation so as not to assume the role of prison administrators. . . . Indeed, intrusive and far-reaching federal judicial intervention in the details of prison management is justifiable only where state officials have been afforded the opportunity to correct

13

> constitutional infirmities and have abdicated their responsibility to do so. . . . In sum, sweeping intervention in the management of state prisons is rarely appropriate when exercising the equitable powers of the federal courts. This is true where conditions at the prison have been adjudged unconstitutional following trial on the merits. It is especially true where mandatory injunctive relief is sought and only preliminary findings as to the plaintiffs' likelihood of success on the merits have been made.

*Taylor v. Freeman*, 34 F.3d 266, 268–69 (4th Cir. 1994). Even if Plaintiff had demonstrated that the relief he requests is related to the allegations in the Verified Amended Complaint, this motion would not present the extraordinary circumstances under which such injunctive relief can be granted. Plaintiff's motion for injunctive relief is therefore denied.

## **CONCLUSION**

In sum, Plaintiff's motion for a temporary restraining order and preliminary injunction [Doc. 111] is DENIED and Defendants' summary judgment motion [Doc. 88] is GRANTED IN PART and DENIED IN PART. The summary judgment motion is granted as to (1) Plaintiff's claims against Defendant Anderson; (2) Plaintiff's claims against Defendant SCDC; and (3) Plaintiff's Fourth Amendment claim against all Defendants other than Defendant Brazil. As to all other claims, Defendants' summary judgment motion is denied. Accordingly, the claims remaining in this case are as follows: (1) a § 1983 claim under the Fourth Amendment against Defendant Brazil; (2) a § 1983 claim under the Eighth Amendment for excessive force against Defendants Morrell, Brazil, Maloney, and Fredericks; (3) a § 1983 claim under the Eighth Amendment against Defendant Brazil based on sexual contact; (4) a § 1983 claim under the Eighth Amendment for bystander liability against Defendant Mckissack; (5) a state law intentional

infliction of emotional distress claim against Defendants Morrell, Brazil, Maloney, and Fredericks; and (6) a state law claim for sexual assault against Defendant Brazil.

    IT IS SO ORDERED.

<u>s/Jacquelyn D. Austin</u><br>
United States District Judge

Charleston, South Carolina  
December 19, 2025