IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Larry A. White, #371303 | ) | C.A. No.: 9:24-cv-03821-CMC |
| | ) | |
| Plaintiff, | ) | **PRETRIAL BRIEF OF** |
| | ) | **DEFENDANTS** |
| v. | ) | |
| | ) | |
| Leon Morrell, Ervin Brazil, Casey Maloney, | ) | |
| Jacqueline Anderson, Jeremiah McKissick, | ) | |
| Conor Fredericks, and SCDC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pursuant to the Court's Amended Pretrial Scheduling Order dated July 13, 2026 (ECF No.

163) and Local Civil Rule 26.05, D.S.C., Defendants submit the following Pretrial Brief.

**(A)    The name of each attorney, district court identification number, and the full name of each firm handling the case.**

**RESPONSE:**

1.  Attorney for Defendants Irvin Brazil, Casey Maloney, and Conor Fredericks

    Michael T. Smith
    District Court Identification Number: #4781
    Firm: Wilson Jones Carter & Baxley

2.  Attorney for Defendant Leon Morrell

    P. Christopher Smith, Jr.
    District Court Identification Number: #9921
    Firm: Clarkson Walsh Crudup Attorneys at Law

3.  Attorney for Defendant Jeremiah McKissack

    Stephanie H. Burton
    District Court Identification Number: #5009
    Firm: Gibbes Burton, LLC

4.  Attorney for Plaintiff

Page 1 of 14

Derek A. Shoemake
District Court Identification Number: #
Firm: Connell Law Firm

**(B)     A list of any motions still pending.**

**RESPONSE:**

Defendants' motions in limine are pending.

**(C)     A brief and concise statement of the facts upon which each claim or defense is based.**

**RESPONSE:**  This action arises in connection with a targeted cell search that occurred on April 11, 2024.  Plaintiff asserts the following claims: (1) a § 1983 claim under the Fourth Amendment against Defendant Brazil; (2) a § 1983 claim under the Eighth Amendment for excessive force against Defendants Morrell, Brazil, Maloney, and Fredericks; (3) a § 1983 claim under the Eighth Amendment against Defendant Brazil based on sexual contact; (4) a § 1983 claim under the Eighth Amendment for bystander liability against Defendant McKissack; (5) a state law claim for intentional infliction of emotional distress against Defendants Morrell, Brazil, Maloney, and Fredericks; and (6) a state law claim for assault against Defendant Brazil.

On April 11, 2024, the Security Threat Group (STG) conducted targeted searches of certain cells at Lee Correctional Institution.  The Corrective Emergency Response Team (CERT) Team assisted STG with the cell searches.

Defendant McKissack the CERT team leader assembled CERT Lieutenant Conor Fredericks and CERT Lieutenant Casey Maloney to assist with the targeted cell searches.  At approximately 10:00 a.m., CERT members McKissack, Fredericks, and Maloney and STG members Officer Irvin Brazil, Lieutenant Morrell, and Sergeant Jacqueline Anderson arrived at Plaintiff's cell to conduct a search.   Sergeant Anderson opened the door to Plaintiff's cell.

Lieutenant Fredericks entered Plaintiff's cell first and instructed Plaintiff to put his hands behind his back so that he could be placed in restraints. Officer Brazil, Lieutenant Maloney, and Defendant McKissack entered Plaintiff cell following Lieutenant Fredericks in that order. Plaintiff was standing at the back of the cell. Plaintiff became combative, got into a fighting stance, and refused Lieutenant Fredericks's instructions to be restrained.

Given Plaintiff's refusal to be restrained, Plaintiff was placed on the ground. Lieutenant Maloney briefly applied an ankle lock to Plaintiff's right ankle so that Plaintiff could be placed in handcuffs. Lieutenant Maloney assisted Plaintiff to his feet.

Shortly thereafter, Lieutenant Morrell escorted Plaintiff out of the cell where they stood with Sergeant Anderson while Defendant McKissack, Lieutenant Maloney, Officer Brazil, and Lieutenant Fredericks searched Plaintiff's cell for contraband. During the search, Defendant McKissack was notified that Captain Hunter needed to speak with him on the telephone. For approximately four to five minutes, Defendant McKissack was away from the area to make that telephone call.

When Defendant McKissack returned, he stood outside of Plaintiff's cell with Plaintiff, Lieutenant Morrell and Sergeant Anderson. Plaintiff complained about an injury to his left ankle. RHU Sergeant Richard Sweetenburg, who was standing nearby, stated that he would call medical for Plaintiff. Plaintiff stated that Officer Brazil had placed a finger in Plaintiff's anus. Within minutes, the officers concluded the search of Plaintiff's cell and secured Plaintiff in his cell to await medical attention. During the search, officers discovered several pages and scraps of paper with cashapp information, cell phone numbers, and a list of nicknames.

At approximately 11:48 a.m., Defendant McKissack and RHU Sergeant Richard Sweetenburg escorted Plaintiff to medical to be seen for his complaints of ankle pain. Registered

Nurse Jacob Pemberton saw Plaintiff.  Plaintiff reported to Mr. Pemberton that officers took him to the ground and Officer Brazil fell on Plaintiff's left ankle.  Mr. Pemberton issued a soft ankle support brace to Plaintiff.

At approximately 12:16 p.m., Defendant McKissack and Sergeant Sweetenburg escorted Plaintiff back to his cell.  Plaintiff did not require any medical treatment by any outside provider. Subsequent x-rays showed that there was no broken bone.  Plaintiff was diagnosed with and treated for a sprained ankle.

**(D)** **Additional legal authorities upon which each claim or defense is based not listed in the Fed. R. Civ. P. 26(f) report to the court.  See Local Civ. Rule 26.03(A)(4) (D.S.C.).**

**RESPONSE:**

## CLAIMS

**Fourth Amendment Claim**

To prevail on his Fourth Amendment claim against Defendant Irvin Brazil, Plaintiff must prove that a body cavity search was conducted and that the search was unreasonable based upon (1) the scope of the particular intrusion; (2) the manner in which the search was conducted; (3) the place in which the search was performed; and (4) the justification for initiating the search.

- Florence v. Bd. of Chosen Freeholders of Cnty. of Burlington, 566 U.S. 318 (2012)
- Bell v. Wolfish, 441 U.S. 520 (1979)
- United States v. Caceres, 440 U.S. 741 (1978)
- Johnson v. Robinette, 105 F.4th 99 (4th Cir. 2024)
- Sims v. Labowitz, 885 F.3d 254 (4th Cir. 2018)
- King v. Rubenstein, 825 F.3d 206 (4th Cir. 2016)
- Riccio v. County of Fairfax, Virginia, 907 F.2d 1459 (4th Cir.1990)
- Keeler v. Pea, 782 F. Supp. 42 (D.S.C.1992)

**Eighth Amendment – Excessive Force Claim**

To prevail on his excessive force claim, Plaintiff must demonstrate that Defendants Leon Morrell, Irvin Brazil, and Casey Maloney used force not in a good faith effort to maintain or restore

discipline, but applied force maliciously and sadistically for the purpose of causing harm. A factfinder evaluates whether a prison officer acted maliciously or wantonly, as required for an Eighth Amendment excessive force claim, by applying a non-exclusive, four-factor balancing test: (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of any reasonably perceived threat that the application of force was intended to quell; and (4) any efforts made to temper the severity of a forceful response.

- Wilkins v. Gaddy, 559 U.S. 34 (2010)
- Farmer v. Brennan, 511 U.S. 825 (1994)
- Hudson v. McMillian, 503 U.S. 1 (1992)
- Wilson v. Seiter, 501 U.S. 294 (1991)
- Escobar-Salmeron v. Moyer, 150 F.4th 360 (4th Cir. 2025)
- Alexander v. Connor, 105 F.4th 174 (4th Cir. 2024)
- Brooks v. Johnson, 924 F.3d 104 (4th Cir. 2019)
- Thompson v. Commonwealth of Virginia, 878 F.3d 89 (4th Cir. 2017)
- Iko v. Shreve, 535 F.3d 225 (4th Cir. 2008)
- De'Lonta v. Angelone, 330 F.3d 630 (4th Cir. 2003)
- Williams v. Benjamin, 77 F.3d 756 (4th Cir. 1996)

**Eighth Amendment – Sexual Contact Claim**

To prevail on this claim against Defendant Irvin Brazil, Plaintiff must prove that Defendant Brazil made intentional contact with Plaintiff's genitalia or other intimate area, which served no penological purpose and was undertaken with the intent to gratify Defendant Brazil's sexual desire or to humiliate Plaintiff.

- Hudson v. McMillian, 503 U.S. 1 (1992)
- Johnson v. Robinette, 105 F.4th 99 (4th Cir. 2024)
- Sconiers v. Lockhart, 946 F.3d 1256 (11th Cir. 2020)
- Crawford v Cuomo, 796 F.3d 252 (2nd Cir. 2015)
- Washington v. Hively, 695 F.3d 641 (7th Cir. 2012)

**Bystander Liability Claim**

To prevail on his bystander liability claim against Jeremiah McKissack, Plaintiff must establish that Defendant McKissack: (1) knew that a fellow officer was violating Plaintiff's

constitutional rights; (2) had a reasonable opportunity to prevent or cause the violation to cease; and (3) chose not to act.  The bystanding officer must know of his fellow officer's misconduct.  If the bystander lacks such specific knowledge, he cannot be a participant in the unlawful acts, and the imposition of personal liability is impermissible.

- Johnson v. Robinette, 105 F.4th 99 (4th Cir. 2024)
- Whitten v. Gunter, 757 Fed. App'x 235 (4th Cir. 2018)
- Thompson v. Commonwealth of Va., 878 F.3d 89 (4th Cir. 2017)
- Stevenson v. City of Seat Pleasant, Md., 743 F.3d 411 (4th Cir. 2014)
- Thomas v. Holley, 533 Fed. App'x 208, 221 (4th Cir. 2013)
- Randall v. Prince George's Cnty., 302 F.3d 188 (4th Cir. 2002)
- Sigman v. Town of Chapel Hill, 161 F.3d 782 (4th Cir. 1998)
- Hinkle v. City of Clarksburg, W. Va., 81 F.3d 416 (4th Cir. 1996)
- Moore v. Barnes, 802 F. Supp.3d 792 (E.D.N.C. Sept. 30, 2025)

**Intentional Infliction of Emotional Distress**

A claim for intentional infliction of emotion distress is not actionable under the South Carolina Tort Claims Act. S.C. Code Ann. § 15-78-30(f)(Definition of lass "does not include the intentional infliction of emotional harm.)   If such a claim were actionable, Plaintiff must prove that: (1) each Defendant intentionally or recklessly inflicted severe emotional distress, or was certain, or substantially certain, that such distress would result from his conduct; (2) the conduct was so "extreme and outrageous" so as to exceed "all possible bounds of decency" and must be regarded as "atrocious, and utterly intolerable in a civilized community"; (3) each Defendant's actions caused the Plaintiff's emotional distress; and (4) the emotional distress suffered by the Plaintiff was "severe" such that "no reasonable man could be expected to endure it."

- Callum v. CVS Health Corp., 137 F. Supp. 3d 817, 856 (D.S.C. 2015)
- Gore v. Dorchester Cnty. Sheriff's Off., 442 S.C. 438, 900 S.E.2d 423 (2024)
- Bass v. South Carolina Dep't of Soc. Servs., 414 S.C. 558, 780 S.E.2d 252 (2015)

**Assault**

To prevail on has state law claim for assault against Defendant Irvin Brazil, Plaintiff must establish that that the conduct of Defendant Brazil placed Plaintiff in reasonable fear of bodily harm and that Defendant Brazil engaged in physical contact which was not reasonably necessary under the circumstances.

- Moody v. Ferguson, 732 F. Supp. 627 (D.S.C. 1989)
- Canopius US Ins., Inc. v. Middleton, 202 F. Supp. 3d 540 (D.S.C. 2016)
- Doe by Doe v. Greenville Hosp. Sys., 323 S.C. 33, 448 S.E.2d 564 (Ct. App. 1994)

## DEFENSES

**Personal Involvement**

Plaintiff must establish that each Defendant, through his own individual actions, violated the constitutional rights of Plaintiff.

- Ashcroft v. Iqbal, 556 U.S. 662 (2009)
- Williamson v. Stirling, 912 F.3d 154 (4th Cir. 2018)
- Wilcox v. Brown, 877 F.3d 161 (4th Cir. 2017)

**Qualified Immunity**

Plaintiff cannot establish that any Defendant violated Plaintiff's constitutional right that was clearly established at the time of the alleged violation.

- Mullenix v. Luna, 577 U.S. 7 (2015)
- Pearson v. Callahan, 555 U.S. 223 (2009)
- Malley v. Briggs, 475 U.S. 335 (1986)
- Harlow v. Fitzgerald, 457 U.S. 800 (1982)
- Gelin v. Maryland, 132 F.4th 700 (4th Cir. 2025)
- Somers v. Devine, 132 F.4th 689 (4th Cir. 2025)
- Hicks v. Ferreyra, 64 F.4th 156 (4th Cir. 2023)
- Stanton v. Elliott, 25 F.4th 227 (4th Cir. 2022)
- Cannon v. Vill. of Bald Head Island, 891 F.3d 489 (4th Cir. 2018)
- Henry v. Purnell, 501 F.3d 374 (4th Cir. 2007)

**South Carolina Tort Claims Act**

The South Carolina Tort Claims Act applies to Plaintiff's tort claims against Defendants Morrell, Brazil, Maloney, and Fredericks.

- Anthony v. Ward, 336 Fed. App'x 311 (4th Cir. 2009)
- Smith v. Ozmint, 394 F. Supp. 2d 787 (D.S.C. 2005)
- Roberts v. City of Forest Acres, 902 F. Supp. 662 (D.S.C. 1995)
- Gore v. Dorchester County Sheriff's Office, 442 S.C. 438, 900 S.E.2d 423 (2024)
- Shirley's Iron Works, Inc. v. City of Union, 403 S.C. 560, 743 S.E.2d 778 (2013)
- Wade v. Berkeley County, 348 S.C. 224, 559 S.E.2d 586 (2002)
- McBride v. Sch. Dist. of Greenville Cnty., 389 S.C. 546, 698 S.E.2d 845 (Ct. App. 2010)
- Swicegood v. Lott, 379 S.C. 346, 665 S.E.2d 211 (Ct. App. 2008)
- Staubes v. City of Folly Beach, 331 S.C. 192, 500 S.E.2d 160 (Ct. App. 1998)

Plaintiff cannot assert tort claims against Defendants Morrell, Brazil, Maloney or Fredericks unless he can show that their conduct was not within the scope of their official duties or that it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude.

- S.C. Code Ann. § 15-78-70(b)
- McCoy v. City of Columbia, 929 F. Supp. 2d 541 (D.S.C. Mar. 11, 2013)
- Smith v. Ozmint, 394 F. Supp. 2d 787 (D.S.C. Oct. 24, 2005)

Plaintiff's claim for intentional infliction of emotional distress is not actionable under the South Carolina Tort Claims Act.

- S.C. Code Ann. § 15-78-30(f)
- Gore v. Dorchester County Sheriff's Office, 442 S.C. 438, 900 S.E.2d 423 (2024)

**(E)     Any unusual questions of law concerning admission of evidence or procedure likely to arise in the trial of the case.**

RESPONSE:  There are evidentiary issues as set forth in the pending motion in limine.

**(F)     Statement whether the possibility of a compromise settlement has been discussed and explored with opposing counsel.  State specifically whether an offer has been**

**made and the position of each party as to settlement; if no attempt to settle has been made, state the reasons.  If nonjury, counsel should not disclose settlement negotiations.**

RESPONSE: On March 19, 2026, the parties conducted a mediation with Keegan Miller serving as the mediator; however, mediation was unsuccessful.

**(G)     Names of the witnesses expected to be called and a summary of their anticipated testimony.  Also state whether the exclusion of a witness or witnesses is requested pursuant to Fed. R. Evid. 615. If no request is made herein, it shall be deemed waived**

RESPONSE:

Defendants expect to call the following witnesses:

| Name | Anticipated Testimony |
| --- | --- |
| Warden John Palmer | Mr. Palmer is the Warden at McCormick Correctional Institution.  He will testify regarding __. |
| Warden Shane Jackson | Mr. Jackson is the Warden at Lee Correctional Institution.  He will testify regarding his response to Plaintiff's grievances regarding the April 11, 2024 incident.  He will also testify concerning his review of the April 11, 2024 use of force incident. |
| Associate Warden Edward Tisdale | Mr. Tisdale is an Associate Warden at Lee Correctional Institution.  He will testify regarding his conversation with Plaintiff and the policies and procedures and operations at Lee Correctional Institution. |
| Leon Morrell | Mr. Morrell will testify regarding his knowledge about the targeted search of Plaintiff's cell on April 11, 2024. |
| Irvin Brazil | Mr. Brazil will testify regarding his knowledge about the targeted search of Plaintiff's cell on April 11, 2024. |
| Casey Maloney | Mr. Maloney will testify regarding his knowledge about the targeted search of Plaintiff's cell on April 11, 2024. |
| Jeremiah McKissack | Mr. McKissack will testify regarding his knowledge about the targeted search of Plaintiff's cell on April 11, 2024. |

| | |
|---|---|
| Conor Fredericks | Mr. Fredericks will testify regarding his knowledge about the targeted search of Plaintiff's cell on April 11, 2024. |
| Richard Sweetenburg | Mr. Sweetenburg was present in the RHU on April 11, 2024.  He will testify concerning his observations and interactions with officers and Plaintiff on April 11, 2024. |
| Jacob Pemberton | Mr. Pemberton is the registered nurse who saw Plaintiff on April 11, 2024.  He will testify about his observations and the medical care rendered to Plaintiff on April 11, 2024. |
| Michael Rintelman | Mr. Rintelman is a qualified mental health provider.  He will testify about the behavioral health visit he had with Plaintiff on April 11, 2024. |
| Cathy Johnson | Ms. Johnson is a registered nurse.  She provided medical care to Plaintiff on April 16, 2024.  She will testify concerning her interactions with and observations of Plaintiff on April 16, 2024. |
| Mary Woods | Ms. Woods is a qualified mental health provider.  She provided medical care to Plaintiff on April 10, 2020.  She will testify concerning her interaction with and observation of Plaintiff on April 10, 2020. |
| Amy Duppstadt-Delambo | Ms. Duppstadt-Delambo is a nurse practitioner.  She provided medical care to Plaintiff on August 16, 2022.  She will testify concerning her interaction with and observation of Plaintiff on August 16, 2022. |
| Catherine Rimsky | Ms. Rimsky is a registered nurse.  She provided medical care to Plaintiff on April 17, 2024.  She will testify concerning her interactions with and observations of Plaintiff on April 17, 2024. |
| Robert Ladwig | Mr. Ladwig is a registered nurse.  He provided medical care to Plaintiff on April 19, 2024.  He will testify concerning his interactions with and observations of Plaintiff on April 19, 2024. |
| Justin Johnson | Mr. Johnson is a registered nurse.  He provided medical care to Plaintiff on April 25, 2024.  He will testify concerning his interactions with and observations of Plaintiff on April 25, 2024. |

| | |
|---|---|
| Kathy Wyant | Ms. Wyant is a mental health administrator. She met with Plaintiff twice on May 1, 2024. She will testify concerning her interactions with and observations of Plaintiff during those meetings. |
| Jenny Rodriguez | Ms. Rodriguez is a registered nurse.  She provided medical care to Plaintiff in May 2024.  She will testify concerning her interactions with and observations of Plaintiff in May 2024. |
| Dr. Kara Sieverdes | Dr. Sieverdes provided medical care to Plaintiff on May 13, 2024.  She will testify regarding her interactions with and observations of Plaintiff on May 13, 2024 |
| Amy Enloe | Ms. Enloe is a nurse practitioner.  She provided medical care to Plaintiff on May 8, 2024 and May 15, 2024.  She will testify concerning her interactions with and observations of Plaintiff on May 8, 2024 and May 15, 2024. |
| Dr. Jacques Days | Dr. Days provided medical care to Plaintiff on April 12, 2024.  Dr. Days will testify regarding his interaction with and observation of Plaintiff on April 12, 2024. |
| Martin J. Ruocco, MD | Dr. Ruocco will testify concerning his review of the x-rays of Plaintiff's left ankle that were taken on May 3, 2024. |

**(H)     Detailed statement of damages, including, but not necessarily limited to the following information:**

**(1) Where permanent injuries are claimed, their nature must be described with particularity, and plaintiff's life expectancy must be given.  Attach copies of medical reports and doctors' statements where available.**

**(2) Special damages claimed must be specified in detail.  Thus, in personal injury cases, medical, nursing, hospital, and similar expenses should be itemized by giving the names of persons and institutions and the amount paid to or owing each.  If property damage is claimed, state the cost of repairs and names of**

persons making them; if incapable of repair, state the value of the property immediately before the accident and immediately afterwards.

(3) **If loss of earnings or profits is claimed, state the amount, the manner of computation, the period for which loss is claimed, and the name of employer, if applicable.**

(4) **In death cases, state the age, employment, rate of earnings, marital status, and life expectancy of deceased; also state the name, age, and the relationship of each dependent**

(5) **The defendant should specify its position concerning damages.**

**RESPONSE:** Defendants contend that Plaintiff sustained a sprained ankle on April 11, 2024.

(I) **For cases in which the relief sought is not covered by or is in addition to (H) above:**

(1) **The nature of the relief sought.**

(2) **The reasons(s) such relief should or should not be granted.**

**RESPONSE:** Defendants are not aware of such a claim.

(J) **Where a contract or writing is involved, include the following information:**

(1) **If a written contract or a writing is involved, furnish a copy to the court, and specify the portions in controversy, along with (a) the claimed construction of the portion in controversy and (b) the party's position as to performance or nonperformance.**

**(2) If the contract is oral, its substance should be given: If the parties dispute the terms, specify the disputed terms and provide the same information required in subpart (J)(1) above.**

**RESPONSE:**  This case does not involve a contract or similar writing.

**(K)     Counsel's best estimate of the time required for trial.**

**RESPONSE:**  Trial is scheduled for three days, August 17, 2026 through August 19, 2026.

**(L)     Any special matters to which the court's attention is sought or required.**

**RESPONSE:**  None.

**(M)     Any reason why the case cannot be tried at the term for which it is set for trial.**

**RESPONSE:**  None.

**(N)     The final list of exhibits intended to be used in the trial of the case with any objections noted.  This list shall be served on opposing counsel.**

**RESPONSE:**  Defendants' exhibit list is submitted herewith.

**(O)     Counsel's request for voir dire questions (see Local Civ. Rule 47.04 (D.S.C.)). Copies of the requests for voir dire questions shall be served on opposing counsel. If the requests for voir dire are not submitted seven (7) days prior to the selection of the jury, counsel shall be deemed to have waived the right to submit voir dire questions unless made necessary by events at trial.**

**RESPONSE:**   The parties' request for voir dire has been submitted to the Court.

Respectfully submitted,

s/Stephanie H. Burton
Stephanie H. Burton (Bar No. 5009)
Gibbes Burton, LLC
308 East St. John St.
Spartanburg, South Carolina 29302
864.327.5000
sburton@gibbesburton.com

*Attorneys for Jeremiah McKissack*

s/P. Christopher Smith, Jr.
P. Christopher Smith, Jr. (Bar No. 9921)
CLARKSON, WALSH & CRUDUP, P.A.
Post Office Box 6728
Greenville, South Carolina 29606
Phone: (864) 232-4400
Fax: (864) 235-4399
chris.smith@clarksonwalsh.com

*Attorney for Defendant Leon Morrell*

s/Michael T. Smith
Michael T. Smith (Bar No. 4781)
Willson Jones Carter & Baxley
325 Rocky Slope Road, Suite 201
Greenville, South Carolina 29607
864.527.3280
mtsmith@wjcblaw.com

*Attorneys for Irvin Brazil, Casey Maloney, and Conor Fredericks*

August 4, 2026