IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Larry A. White, | Civil Action No. 9:24-cv-03821-CMC |
| Plaintiff, | |
| vs. | **PRETRIAL BRIEF OF PLAINTIFF LARRY WHITE** |
| Leon Morrell, Ervin Brazil, Casey Maloney, Jeremiah Mckissack, and Conor Fredericks, | |
| Defendants. | |

Pursuant to the Court's Amended Pretrial Scheduling Order dated July 13, 2026 (ECF No. 163) and Local Civil Rule 26.05, D.S.C., Plaintiff Larry White submits the following Pretrial Brief.

**(A)** **The name of each attorney, district court identification number, and the full name of each firm handling the case.**

**RESPONSE:**

1.  Attorney for Defendants Ervin Brazil, Casey Maloney, and Conor Fredericks
    Michael T. Smith
    District Court Identification Number: #4781
    Firm: Willson Jones Carter & Baxley

2.  Attorney for Defendant Leon Morrell
    P. Christopher Smith, Jr.
    District Court Identification Number: #9921
    Firm: Clarkson Walsh Crudup Attorneys at Law

3.  Attorney for Defendant Jeremiah McKissack
    Stephanie H. Burton
    District Court Identification Number: #5009
    Firm: Gibbes Burton, LLC

4.  Attorney for Plaintiff
    Derek A. Shoemake and Ben Connell
    District Court Identification Number: # 10825 (Shoemake), 11028 (Connell)
    Firm: Connell Law Firm

**(B)    A list of any motions still pending.**

**RESPONSE:**

1. Defendants' Motion in Limine
2. Plaintiff's Motion *in Limine*
3. Plaintiff's Motion to Transport

**(C)    A brief and concise statement of the facts upon which each claim or defense is based.**

**RESPONSE:** On the morning of April 11, 2024, Mr. White was housed alone in his cell in the Restrictive Housing Unit at Lee Correctional Institution when a group of officers, including Defendants Morrell, Brazil, Maloney, Fredericks, and Mckissack, arrived to conduct what Defendants have characterized as a targeted cell search. Defendants entered the cell without knocking and without first asking Mr. White to come to the door and be restrained. Mr. White was taken to the ground, landing on and twisting his left ankle, and was punched in the mouth, head, and body over a period of several minutes by Defendants Morrell, Brazil, Maloney, and Fredericks. While Mr. White was held down, Defendant Brazil digitally penetrated Mr. White's rectum while demanding to know where "drugs" were located. Defendant Mckissack was present, observed the use of force, and did not intervene. An ankle lock and arm lock were applied. No use-of-force camera recorded the incident. No drugs or telephone were found in the cell. Mr. White sustained injuries including left-ankle pain, headaches, swelling to the head, a busted lip, back and shoulder pain, and mental anguish, and was seen by SCDC medical staff the following day, with left-ankle x-rays taken May 3, 2024. There was a delay in taking Mr. White to medical, and the events were never recorded.

**(D)    Additional legal authorities upon which each claim or defense is based not listed in the Fed. R. Civ. P. 26(f) report to the court. See Local Civ. Rule 26.03(A)(4) (D.S.C.).**

**RESPONSE:** The governing standards for each remaining claim are set out in the Report and Recommendation of Magistrate Judge Cherry (ECF No. 108), as adopted by this Court's Order on summary judgment (ECF No. 125), and Mr. White relies on the authorities collected there, including: on the § 1983 framework, *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001); on the evidentiary force of verified pleadings, *Goodman v. Diggs*, 986 F.3d 493, 498 (4th Cir. 2021); on the Fourth Amendment claim, *Bell v. Wolfish*, 441 U.S. 520, 546 (1979), and *King v. Rubenstein*, 825 F.3d 206, 215 (4th Cir. 2016); on the excessive force claim, *Whitley v. Albers*, 475 U.S. 312, 321 (1986), *Hudson v. McMillian*, 503 U.S. 1, 7 (1992), *Iko v. Shreve*, 535 F.3d 225, 239 (4th Cir. 2008), *Brooks v. Johnson*, 924 F.3d 104 (4th Cir. 2019), and *Dean v. Jones*, 984 F.3d 295, 302–03 (4th Cir. 2021); on the sexual contact claim, *Crawford v. Cuomo*, 796 F.3d 252, 257–58 (2d Cir. 2015), *Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012), and *Sconiers v. Lockhart*, 946 F.3d 1256, 1259 (11th Cir. 2020); on bystander liability, *Randall v. Prince George's County*, 302 F.3d 188, 203–04 (4th Cir. 2002); on the intentional infliction of emotional distress claim, *Bass v. S.C. Department of Social Services*, 780 S.E.2d 252, 260–61 (S.C. 2015), *Amisi v. Riverside Regional Jail Authority*, 555 F. Supp. 3d 244, 265–67 (E.D. Va. 2021), *aff'd sub nom. Amisi v. Brooks*,

93 F.4th 659 (4th Cir. 2024), and *Cooper v. Smithfield Packing Co.*, 724 F. App'x 197, 201 (4th Cir. 2018); and on the personal liability of governmental employees for conduct constituting actual malice or intent to harm, S.C. Code Ann. § 15-78-70(b).

In addition, Mr. White will rely on *Carey v. Piphus*, 435 U.S. 247 (1978), and *Memphis Community School District v. Stachura*, 477 U.S. 299 (1986), concerning compensatory and nominal damages under § 1983, and *Smith v. Wade*, 461 U.S. 30, 56 (1983), concerning punitive damages under § 1983.

**(E)   Any unusual questions of law concerning admission of evidence or procedure likely to arise in the trial of the case.**

**RESPONSE:** The parties' cross-motions *in limine* frame most of the anticipated evidentiary questions.

Procedurally, the trial will involve the transportation and testimony of incarcerated witnesses, the presentation of certain witnesses by deposition designation (with one transcript still outstanding as of this filing), and sensitive testimony concerning sexual assault.

**(F)   Statement whether the possibility of a compromise settlement has been discussed and explored with opposing counsel. State specifically whether an offer has been made and the position of each party as to settlement; if no attempt to settle has been made, state the reasons. If nonjury, counsel should not disclose settlement negotiations.**

**RESPONSE:** On March 19, 2026, the parties conducted a mediation with Keegan Miller serving as the mediator; however, mediation was unsuccessful.

**(G)   Names of the witnesses expected to be called and a summary of their anticipated testimony. Also state whether the exclusion of a witness or witnesses is requested pursuant to Fed. R. Evid. 615. If no request is made herein, it shall be deemed waived.**

**RESPONSE:**

1. Larry White: Mr. White will testify about the events of April 11, 2024, and the damages he suffered as a result.

2. Antwan Grayson: Mr. Grayson was an eyewitness to the events of April 11, 2024. His testimony will be presented by way of the reading of certain portions of his deposition transcript.

3. Kenrick Edwards: Mr. Edwards is an eyewitness to the events of April 11, 2024, but at present has refused to testify.

4. Zion Dukes: Mr. Dukes heard Defendants Fredericks and Brazil bragging about what they did to Mr. White.

5. Kyle Hitchcock: Mr. Hitchcock will testify that inmates mocked Mr. White after the assault, and is offered to show emotional distress and not for the truth of the matter asserted.

6. Antonio Goodwin: Mr. Goodwin will testify that inmates mocked Mr. White after the assault, and is offered to show emotional distress and not for the truth of the matter asserted.

7. Matthew Marcotte: Mr. Marcotte is an inmate who had similar force used against him by the same defendants.

8. Stacie White: Ms. White will testify as to the emotional damages endured by her husband.

9. Michael Rintelman: Mr. Rintelman was a medical provider for Mr. White who documented his sexual assault.

10. Tamesha Strong: Ms. Strong reported Mr. White's various health issues after his assault.

11. Jacon Pemberton: Mr. Pemberton was a medical provider for Mr. White who Mr. White saw on April 11, 2024.

12. Any witnesses identified by the Defendants, and Mr. White would request sequestration of the Defendants' witnesses.

**(H)  Detailed statement of damages, including, but not necessarily limited to the following information:**

1. **Where permanent injuries are claimed, their nature must be described with particularity, and plaintiff's life expectancy must be given. Attach copies of medical reports and doctors' statements where available.**

2. **Special damages claimed must be specified in detail. Thus, in personal injury cases, medical, nursing, hospital, and similar expenses should be itemized by giving the names of persons and institutions and the amount paid to or owing each. If property damage is claimed, state the cost of repairs and names of persons making them; if incapable of repair, state the value of the property immediately before the accident and immediately afterwards.**

3. **If loss of earnings or profits is claimed, state the amount, the manner of computation, the period for which loss is claimed, and the name of employer, if applicable.**

4. **In death cases, state the age, employment, rate of earnings, marital status, and life expectancy of deceased; also state the name, age, and the relationship of each dependent**

**5.** **The defendant should specify its position concerning damages.**

**RESPONSE:**

1. Mr. White does not claim a permanent physical impairment at this time, and accordingly no statement of life expectancy is required. Mr. White claims ongoing emotional and psychological harm proximately caused by the April 11, 2024, assault and sexual assault, which will be proven through his own testimony and the lay observations of his wife, Stacie White; no expert diagnosis will be offered. Mr. White's SCDC medical records concerning the April 11, 2024 incident have been attached to the summary judgment filings in this case.

2. Mr. White claims no special damages. His medical care following the incident — including his April 12, 2024, evaluation and the May 3, 2024, left-ankle x-rays — was provided by SCDC medical staff, and no itemized medical, nursing, or hospital expenses are claimed. No property damage is claimed. Mr. White's damages are general compensatory damages for physical pain and suffering, emotional distress, humiliation, and mental anguish; nominal damages; and punitive damages.

3. No loss of earnings or profits is claimed.

4. Not applicable; this is not a death case.

5. Mr. White notes Defendants' position, stated in their pretrial brief, that "Plaintiff sustained a sprained ankle on April 11, 2024." (ECF No. 184 at 12.) Mr. White's position is that his damages are not limited to, or fairly characterized by, that description.

**(I)** **For cases in which the relief sought is not covered by or is in addition to (H) above:**

**1.** **The nature of the relief sought.**

**2.** **The reasons(s) such relief should or should not be granted.**

**RESPONSE:** None.

**(J)** **Where a contract or writing is involved, include the following information:**

**1.** **If a written contract or a writing is involved, furnish a copy to the court, and specify the portions in controversy, along with (a) the claimed construction of the portion in controversy and (b) the party's position as to performance or nonperformance.**

**2.** **If the contract is oral, its substance should be given: If the parties dispute the terms, specify the disputed terms and provide the same information required in subpart (J)(1) above.**

**RESPONSE:** No contract is involved.

**(K)**   **Counsel's best estimate of the time required for trial.**

**RESPONSE:** Trial is scheduled for three days, August 17, 2026 through August 19, 2026.

**(L)**   **Any special matters to which the court's attention is sought or required.**

**RESPONSE:** None.

**(M)**  **Any reason why the case cannot be tried at the term for which it is set for trial.**

**RESPONSE:** None.

**(N)**   **The final list of exhibits intended to be used in the trial of the case with any objections noted. This list shall be served on opposing counsel.**

**RESPONSE:** The present list is below. The parties anticipate the SCDC materials to arrive to Plaintiff this week, and they will be able to finalize exhibit objections before trial. Plaintiff would object to any exhibits that reference those issues outlined in his Motion *in Limine.*

### DEFENDANTS' PROPOSED EXHIBITS

| Ex. # | Description |
| --- | --- |
| | January 13, 2015 Picture of Plaintiff from Princess Johnson's Facebook Page |
| | January 14, 2015 Picture of Plaintiff from Princess Johnson's Facebook Page |
| | January 16, 2015 Picture of Plaintiff from Princess Johnson's Facebook Page |
| | September 17, 2016 Picture of Side Injury from Plaintiff's Facebook Page |
| | May 4, 2017 Incident Report by Ofc. Settles (Cellphone) |
| | May 12, 2017 Incident Report by Sgt. K. Lloyd (Cellphone) |
| | April 15, 2018 RHU Classification Committee Review |
| | April 17, 2018 Incident Report by Lt. V. Smith (Cellphone, Weapon) |
| | March 20, 2019 Incident Report by Sgt. Micaela Addison (Cellphone, Drugs, Escape Tool, Weapon) |
| | March 27, 2019 Incident Report by Lt. Thomas Clark (Contraband) |
| | September 30, 2019 Incident Report by Ofc. Matthew Brokaw (Throwing Substance) |
| | December 12, 2019 Incident Report by Ofc. Christopher Campisi (Striking an Employee) |
| | March 20, 2020 Incident Report by Ofc. Steven Fleshman (Assault/Battery, Weapon) |
| | March 23, 2020 Incident Report by Cpl. D. Chandler (STG Material) |
| | March 26, 2020 Step 1 Inmate Grievance Form, Grievance No. PCI-0223-20 (PREA) |
| | March 29, 2020 Step 1 Inmate Grievance Form, Grievance No. PCI-0227-20 (PREA) |
| | April 10, 2020 Crisis Visit with Mary Woods, QMHP |
| | May 4, 2020 Disposition of PREA Report (I/M Refused to Sign) |

| | |
|---|---|
| | May 4, 2020 Report of Findings - Refused Interview |
| | June 30, 2020 Incident Report by Ofc. Daniel Rivera (Cellphone) |
| | December 7, 2020 Incident Report by Lt. Francisco Collazo (Cellphone, Weapon) |
| | February 22, 2021 Incident Report by Lt. Francisco Collazo (Cellphone, Weapon) |
| | April 25, 2022 Incident Report by DW John Palmer (Threatening, Smuggling) |
| | April 26, 2022 Incident Report by Sgt. A. Hester (STG Material) |
| | May 5, 2022 Incident Report by Cpt. Brent Blakely (Contraband) |
| | August 16, 2022 Psychiatric Clinic with Amy Duppstadt-Delambo, NP |
| | January 25, 2024 Grayson v. Williams - Affidavit of Larry A. White |
| | February 9, 2024 Step 1 Inmate Grievance Form, Grievance No. LeeCI-0172-24 |
| | February 26, 2024 Plaintiff's Kiosk Request submitted at 4:38 p.m. |
| | February 28, 2024 Plaintiff's Kiosk Request submitted at 3:14 p.m. |
| | March 5, 2024 Plaintiff's Kiosk Request submitted at 9:31 a.m. |
| | April 11, 2024 Incident Report by Casey Maloney (re Plaintiff) |
| | April 11, 2024 Incident Report by Conor Fredericks |
| | April 11, 2024 Incident Report by Irvin Brazil |
| | April 11, 2024 Incident Report by Jeremiah McKissack |
| | April 11, 2024 Incident Report by Leon Morell |
| | April 11, 2024 Incident Report of Casey Maloney (3 Cell Searches) |
| | April 11, 2024 Kiosk Request submitted by Plaintiff at 12:45 p.m. |
| | April 11, 2024 Kiosk Request submitted by Plaintiff at 7:47 p.m. |
| | April 11, 2024 Plaintiff's Telephone Call with Stacie White at 1:03 p.m. |
| | April 11, 2024 Plaintiff's Telephone Call with Stacie White at 10:59 a.m. |
| | April 11, 2024 Plaintiff's Telephone Call with Stacie White at 4:43 p.m. |
| | April 11, 2024 Plaintiff's Telephone Call with Stacie White at 6:07 p.m. |
| | April 11, 2024 Post Use-of-Force Medical Visit with Jacob Pemberton |
| | April 11, 2024 QMHP Session with Michael Rintelman |
| | April 11, 2024 Receipt of Medical Equipment & Supplies (Elastic Ankle Support, XXL) |
| | April 11, 2024 Text Message from Plaintiff to Stacie White at 10:37 a.m. |
| | April 12, 2024 Incident Report Checklist for PREA Issues |
| | April 12, 2024 Incident Report completed by Arenda Thomas PREA |
| | April 12, 2024 Kiosk Request submitted by Plaintiff at 3:21 a.m. |
| | April 12, 2024 Kiosk Request submitted by Plaintiff at 3:28 a.m. |
| | April 12, 2024 Plaintiff's Telephone Call to the PREA hotline |
| | April 12, 2024 PREA Inmate Voluntary Statement written by Antwan Grayson |
| | April 12, 2024 PREA Inmate Voluntary Statement written by Plaintiff |
| | April 12, 2024 PREA Investigation Folder Checklist |
| | April 12, 2024 Provider Visit (PREA) with Jacques Days |
| | April 12, 2024 Step 1 Inmate Grievance Form, Grievance No. 0414-24 |

| | |
|---|---|
| | April 13, 2024 Plaintiff's Telephone Call with with Stacie White at 9:53 a.m. |
| | April 15, 2024 Plaintiff's Telephone Call with Stacie White at 11:54 a.m. |
| | April 15, 2024 Plaintiff's Telephone Call with Stacie White at 6:49 p.m. |
| | April 16, 2024 Plaintiff's Telephone Call with Stacie White at 9:14 a.m. |
| | April 16, 2024 RTSM submitted by Plaintiff (X-ray) |
| | April 16, 2024 Sick Call Visit with Cathy Johnson for left ankle sprain |
| | April 17, 2024 Email from Stacie White to Medical Concerns at 10:39 a.m. |
| | April 17, 2024 Email from Stacie White to Ombudsman at 7:48 a.m. |
| | April 17, 2024 Medical evaluation by Catherine Rimsky after transfer to McCormick |
| | April 17, 2024 MIN Report Re 4-11-24 Use of Force Incident |
| | April 17, 2024 Plaintiff's Telephone Call with Stacie White at 6:59 a.m. |
| | April 18, 2024 Memorandum from Roseann Wilson to Arenda Thomas (Plaintiff's Grievance) |
| | April 19, 2024 Medical documentation/sick call follow up by Robert Ladwig after transfer to Perry |
| | April 21, 2024 Step 1 Inmate Grievance Form, Grievance No. McCI 0170-24 |
| | April 22, 2024 Email from Stacie White to Medical Concerns at 11:57 a.m. |
| | April 22, 2024 Email from Stacie White to Ombudsman at 11:59 a.m. |
| | April 23, 2024 Sick Call Request submitted by Plaintiff |
| | April 24, 2024 Step 1 Inmate Grievance Form, Grievance No. 0503-24 |
| | April 25, 2024 Email from Stacie White to Medical Concerns at 1:53 p.m. |
| | April 25, 2024 Email from Stacy Harris to Stacie White at 7:46 p.m. |
| | April 25, 2024 Kiosk Request submitted by Plaintiff  at 2:18 p.m. |
| | April 25, 2024 Sick Call Visit with Justin Johnson |
| | April 26, 2024 Email from Stacie White to Stacy Harris at 11:19 p.m. |
| | April 26, 2024 OIG Case Status Report - Initial Narrative |
| | April 29, 2024 OIG Case Status Report - Administratively Closed |
| | May 1, 2024 Individual Counsel/Psych Prog Note by Kathy Wyant (PREA Visit) |
| | May 1, 2024 Individual Counsel/Psych Prog Note by Kathy Wyant (QMHP Session) |
| | May 1, 2024 Step 1 Inmate Grievance Form, Grievance No. PCI-0277-16 |
| | May 3, 2024 Anderson Radiology X-ray report |
| | May 3, 2024 Kiosk Request submitted by Plaintiff at 10:47 a.m. |
| | May 7, 2024 Memorandum regarding the PREA Investigation |
| | May 7, 2024 MIN 24-04-0552-0027 Details and Notes pages |
| | May 8, 2024 Plaintiff's Provider Visit (Ankle) |
| | May 8, 2024 Plaintiff's Sick Call Request (Ankle) |
| | May 8, 2024 Plaintiff's Sick Call Visit (Ankle) |
| | May 9, 2024 Step 1 Inmate Grievance Form, Grievance No. PCI-0301-24 |
| | May 13, 2024 Psych Visit with Kara Sieverdes |
| | May 15, 2024 Medical Pass & Restrictions |

| | |
|---|---|
| | May 15, 2024 Plaintiff's Provider Visit (Ankle) with Amy Enloe |
| | May 15, 2024 Plaintiff's Sick Call Follow Up Visit with Rodriguez |
| | May 15, 2024 Plaintiff's Sick Call Request (Ankle) |
| | May 22, 2024 Sick Call with Jenny Rodriguez, RN |
| | May 31, 2024 Step 2 Inmate Grievance Form, Grievance No. 0414-24 |
| | May 31, 2024 Step 2 Inmate Grievance Form, Grievance No. 0503-24 |
| | February 24, 2025 Affidavit of Larry White (ECF 91-5) |
| | March 18, 2025 Affidavit of Antwan Grayson (ECF 91-3) |
| | March 18, 2025 Affidavit of Kenrick Edwards (ECF 91-4) |
| | June 20, 2025 Complaint (C.A. No.: 2025-CP-23-04301) |
| | July 21, 2025 Hitchcock v. SCDC - Motion for Special Representation |
| | July 31, 2025 Hitchcock v. SCDC - Larry White's Response to Answer |
| | August 18, 2025 Amended Complaint (C.A. No.: 2025-CP-23-04301) |
| | September 8, 2025 Anderson Radiology X-ray report |
| | October 2, 2025 Incident Report by Jenny Rodriguez, RN (re Ofc Loftis) |
| | October 2, 2025 PREA Visit with Randall Vickery |
| | May 29, 2026 Picture of Plaintiff from Adrienne Hayes's Facebook Page |
| | Plaintiff's Text Messages with Stacie White in April 2024 (pp. 610-631) |
| | Plaintiff's Text Messages with Stacie White from May 1-10, 2024 (pp. 593-609) |
| | Plaintiff's Text Messages with Stacie White on May 14, 2024 (p. 590) |
| | Plaintiff's Text Messages with Stacie White from May 20-21, 2024 (pp. 581-582) |
| | Plaintiff's Text Messages with Stacie White from May 23, 2024 (pp. 577-578) |
| | Plaintiff's Text Messages with Stacie White on May 28, 2024 (p. 570) |
| | Plaintiff's Text Messages with Stacie White on June 11, 2024 (p. 548) |
| | Plaintiff's Text Messages with Stacie White on June 13, 2024 (p. 545) |
| | Plaintiff's Text Messages with Stacie White on June 18-19, 2024 (pp. 537, 539-540) |
| | Plaintiff's Text Messages with Stacie White on June 24, 2024 (p. 532) |
| | Plaintiff's Text Messages with Stacie White on June 28, 2024 (p. 523) |
| | Plaintiff's Text Messages with Stephanie Woodberry on July 2, 2024 (p. 518) |
| | Plaintiff's Text Messages with Stacie White on July 5, 2024 (p. 513) |
| | Plaintiff's Text Messages with Stacie White on July 12, 2024 (p. 505) |
| | Plaintiff's Text Messages with Stacie White on July 17, 2024 (p. 502) |
| | Plaintiff's Text Messages with Stacie White from July 22-30, 2024 (pp. 484-487, 494) |
| | Plaintiff's Text Messages with Stacie White in August 2023 (pp. 448, 452, 453, 463, 466) |
| | Plaintiff's Text Messages with Stacie White from October 30-31, 2024 and November 6, 2024 (pp. 380, 384-385) |
| | Plaintiff's Text Messages with Stacie White on December 20, 2024 (p. 333) |

**PLAINTIFF'S PROPOSED EXHIBITS**

| Ex. # | Description |
|---|---|
| | April 11, 2024 Incident Report by Irvin Brazil |
| | April 11, 2024 MIN 24-04-0551-0017 Details and Notes pages |
| | April 11, 2024 Medical Statement Note |
| | April 16, 2024, Medical Encounter |
| | April 17, 2024 MIN Report Re 4-11-24 Use of Force Incident |
| | April 26, 2024 MIN 24-04-0551-0017 Details and Notes pages |
| | May 9, 2024, Medical Encounter |
| | May 23, 2024, Medical Encounter |
| | May 30, 2024, Medical Encounter |
| | June 3, 2022, Malony Refusal to Follow Orders |
| | March 18, 2025 Affidavit of Antwan Grayson (ECF 91-3) |
| | March 18, 2025 Affidavit of Kenrick Edwards (ECF 91-4) |
| | Brazil Maloney Fredericks Answers to RTAs |
| | Morrell Response to RTA |
| | McKissack's Response to Plaintiff's RTA |
| | Medical-Sick Call Forms |
| | Medical Notes |
| | PREA Checklist for Medical Staff |
| | White, Stacie - Depo Exhibits |
| | Use of Force Policies (awaiting production from SCDC) |
| | Cell Search and Recording Policies (awaiting production from SCDC) |
| | Body Cavity Search Policies (awaiting production from SCDC) |
| | PREA Compliance Policies (awaiting production from SCDC) |
| | Defendant Personnel and Disciplinary Records (awaiting production from SCDC) |
| | Defendants' Prior Discovery Responses (for impeachment) |

**(O)  Counsel's request for voir dire questions (see Local Civ. Rule 47.04 (D.S.C.)). Copies of the requests for voir dire questions shall be served on opposing counsel. If the requests for voir dire are not submitted seven (7) days prior to the selection of the jury, counsel shall be deemed to have waived the right to submit voir dire questions unless made necessary by events at trial.**

**RESPONSE:** The parties' request for voir dire has been submitted to the Court. The parties agree, with the exception of Defendants' gang-related question, to which Mr. White objects for the same reasons raised in his Motion *in Limine*.

Respectfully submitted,

/s/ Derek A. Shoemake
Derek A. Shoemake (No. 10825)
derek@lawconnell.com
Connell Law Firm
20 Townlee Lane, Suite A
Lugoff, SC  29078
(803) 408-8500

Attorney for Mr. White

August 4, 2026
Lugoff, SC